# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

BRYANT FLURY,                         :    CIVIL ACTION

    Plaintiff,                       :

    v.                               :

DAIMLERCHRYSLER CORPORATION,          :

    Defendant.                       :    NO. CV202-205

## O R D E R

Plaintiff, Bryant Flury, sued Defendant, DaimlerChrysler Corporation, for enhanced injuries resulting from an alleged manufacturing defect in the airbag of his Dodge pickup truck. On June 30, 2004, a jury returned a verdict for Flury, but the Eleventh Circuit Court of Appeals reversed. Defendant prevailed on appeal on the ground that Plaintiff's spoilation of evidence was fatal to his case, requiring judgment in Defendant's favor.

The case is before the Court on Plaintiff's objection to Defendant's bill of costs for $12,392.52. Plaintiff's objection will be **SUSTAINED** in part, and **OVERRULED** in part.

**BACKGROUND**

Plaintiff objects to $5,475.52 of Defendant's claimed expenses, asserting that certain costs are either not recoverable or exceed the limits for recoverable costs.

First, Plaintiff objects to the costs of certain depositions because they were not introduced into evidence at trial. The challenged depositions include those of two defense experts, Dr. Robert Banks and Dennis Guenther, and the depositions of Plaintiff and of Plaintiff's expert witness, Barry Riner.

Plaintiff also objects to the taxing of Defendant's expenses for the depositions of Kelvin Carswell, David Baxter, Dr. James Robinson, and the court reporter fee related to the first scheduled deposition of Dr. Robinson. Carswell was the Georgia State Trooper who responded to the scene of the accident, and Baxter owned and operated the repair shop where the pickup was towed after the collision. Dr. Robinson was a neurosurgeon who evaluated Plaintiff's injuries.

Second, Plaintiff objects to Defendant's taxation of the transcript of the pretrial conference and the transcript of the pretrial <u>Daubert</u> hearing, arguing that neither were obtained necessarily for use in the case. Third, Plaintiff contends that the trial-related expenses of Defendant's experts, Banks

2

AO 72A
(Rev. 8/82)

and Guenther, are not recoverable because they exceed the standard witness fees.

## DISCUSSION

"[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . ." Fed. R. Civ. P. 54(d)(1). The allowance of costs is within the discretion of the district court. 28 U.S.C.A. § 1920 (1994). The prevailing party's bill of costs must be scrutinized, as costs must be authorized explicitly by federal law to be taxable. Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235 (1964); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987)(superceded by statute on other grounds).

The prevailing party is entitled only to costs that were incurred necessarily in the litigation. Expenses incurred for the convenience of the prevailing party's counsel are not taxable. 28 U.S.C.A. § 1920 (1994).

In considering whether deposition transcripts are obtained necessarily for use in a case, courts consider whether the "deposition appeared to be reasonably necessary to the parties in light of the particular situation existing at the time it

was taken." <u>Helms v. Wal-Mart Stores, Inc.</u>, 808 F. Supp. 1568, 1571 (N.D. Ga. 1992). The burden is on the non-prevailing party to demonstrate that the deposition costs are not recoverable. <u>Id</u>.

The challenged depositions appear reasonable, and Plaintiff has offered no support for his argument that they were not necessary to litigate the case. Depositions need not be introduced at trial to be taxable as costs. The Court concludes that DaimlerChrysler's deposition costs are recoverable.

According to Defendant, Dr. Robinson was unable to attend the deposition on the date of his first scheduled deposition because of an emergency. Because the court reporter/non-appearance fee was not a fee of "the court reporter for all or any part of the stenographic transcript," DaimlerChrysler is not entitled to tax this cost. 28 U.S.C.A. § 1920(2) (1994). The Court notes that the delay and added expense were not caused by Plaintiff or his attorney.

DaimlerChrysler is entitled to recover its costs in obtaining the pretrial transcripts. On appeal, Defendant argued that the Court erred in failing to exclude Plaintiff's expert witnesses under <u>Daubert v. Merrill Dow Pharms., Inc.</u>, 509 U.S. 579 (1993). As a result, it was necessary for

4

AO 72A
(Rev. 8/82)

Defendant to obtain a transcript of the Daubert hearing before Magistrate Judge James E. Graham. During the pretrial conference, DaimlerChrysler's contentions regarding spoliation of evidence were discussed. Defendant acted reasonably in obtaining the pretrial transcript to illustrate its spoliation arguments and the Court's response thereto. Although neither transcript was cited in the appellate decision, these documents were obtained necessarily in the case.

DaimlerChrysler may also tax a portion of its expert witnesses' expenses for travel, lodging, and meals, which were incurred during the trial.

> A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.

28 U.S.C.A. § 1821(c)(1) (1994).

DaimlerChrysler seeks to recover airfare for Banks in the amount of $1,655.90, and for Guenther in the amount of $1,203.40. Yet, the statute requires witnesses to find the "most economical rate reasonably available[,]" and to produce a "receipt or other evidence of actual cost[.]" Defendant's

experts' airfare expenses appear inordinately high for coach class, round trip domestic airfare, and DaimlerChrysler has produced no evidence justifying these costs. Consequently, the Court will not tax the experts' airfare expenses. Beraha v. C.R. Bard, Inc., 870 F. Supp. 1085, 1092 (N.D. Ga. 1994); In re Kulicke & Soffa Indus., Inc. Sec. Litig., 747 F. Supp. 1136, 1147 (E.D. Pa. 1990).

When an overnight stay is necessary to testify, the prevailing party may tax the witness' actual expenses for meals and lodging, so long as the subsistence expenses do not exceed the applicable per diem allowance for federal employees. 28 U.S.C.A. § 1821(d)(1)-(2). When this trial occurred, the federal employee per diem allotment in this locality was $94.00. 41 C.F.R. § 301-11.6(a) (2005); <www.gsa.gov/perdiem> (2004, Brunswick).

As DaimlerChrysler concedes, the expert witness costs that it first sought for Dr. Banks are not recoverable in part because his lodging and meal costs exceeded the applicable per diem rate. Correcting for this error, DaimlerChrysler is entitled to recover $199.70 for Banks' travel expenses ($105.70 for car rental charges and $94.00 in hotel and meal expenses).

The Court finds that it is appropriate for DaimlerChrysler to tax car rental fees, given the statutory authorization for

6

taxing "taxicab fares between places of lodging and carrier terminals[.]" 28 U.S.C.A. § 1821(c)(3) (1994). In addition, this finding is supported by the fact that the statute permits witnesses traveling by private car to tax mileage. 28 U.S.C.A. § 1821(c)(2) (1994).

Guenther's travel tab, excluding airfare, is also recoverable for the most part. However, his hotel expenses, $143.19 for a two night stay, exceed the maximum allowable federal employee per diem rate for lodging by $17.19.[1] DaimlerChrysler is entitled to recover travel expenses for Guenther in the amount of $277.96 ($137.86 for car rental and gasoline costs, $126.00 for lodging charges, and $14.10 in meal expenses).

In sum, the Court finds that DaimlerChrysler is not entitled to recover the cost for Robinson's court reporter/non-appearance fee, $128.50; either of its experts' airfare, $1,203.40 and $1,655.90; Banks' subsistence costs above the maximum federal employee per diem rate, $112.70; or Guenther's hotel bill above the maximum per diem lodging rate, $17.19.

---

[1] The sixty-three dollar cap on lodging expenses per night excludes taxes. <www.gsa.gov/perdiem> (2004, Brunswick). Because DaimlerChrysler has not shown what amount, if any, it seeks to recover in taxes for Guenther's hotel bill, the Court will not tax the excess charge to Flury.

AO 72A
(Rev. 8/82)

Defendant's original bill of costs for $12,392.52 shall be reduced accordingly.

## CONCLUSION

For the reasons explained above, Plaintiff's objection is **SUSTAINED** in part, and **OVERRULED** in part.  Dkt. No. 164.  Costs shall be taxed for Defendant in the amount of $9,274.83.

**SO ORDERED**, this ____6th____ day of March, 2006.

```
                                    _____
                                    JUDGE, UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF GEORGIA
```